IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10999
Summary Calendar
_____


IN THE MATTER OF: BILLY G. RUSSELL; JUDY E. RUSSELL,

                                        Debtors,

_____

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,

                                        Appellants,

versus

BILLY G. RUSSELL; JUDY E. RUSSELL,

                                        Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-3008-K)
- - - - - - - - - -

February 15, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

§The only issue in this case is the amount and rate of
interest to be included in the state's claim for unpaid sales
taxed In this Chapter 13 bankruptcy case.[2]  Concluding that the

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[2]The Russells do not take issue with the back sales tax of
$17,304.03, and they waived their objection to the Comptroller's
claim for penalties since the penalty would be treated as a
general unsecured claim in their Chapter 13 case.

bankruptcy and district courts erred in falling to award the state certain amounts of interest at the state rate (10%), we reverse and remand for entry of a revised judgment.

Before these debtors filed a Chapter 13 case, they had been debtors in a previous Chapter 7 bankruptcy (converted from Chapter 11). In the prior case they objected to the state Comptroller's claim for unpaid sales tax, together with interest and penalties, and asserted that the tax claim was dischargeable. As a matter of bankruptcy court procedure, their assertion was voiced in an adversary proceeding commenced by the debtors against the State of Texas requesting that the bankruptcy court "deny the claim of the State of Texas for all sales tax, and for further relief." The state responded, praying that its proof of claim be allowed in full as filed. In pretrial stipulations, the debtors agreed that if the court should find sales tax was due on their laundry services and that they are liable for uncollected sales tax, "the Comptroller's calculations of tax, interest and penalty are correct." The interest and penalties at that time amounted to approximately $6,000.

After hearing arguments in the adversary proceeding, the bankruptcy court entered judgment stating that:

> The Adversary filed by Billy Russell and
> Judy Russell, Debtors, is hereby denied.
> The Court further finds that the Sales
> Tax Liability in the amount of $17,304.03
> was owed by the Debtors to the State of
> Texas; the Court further finds that the
> amount of money owed by the Debtors is
> not dischargeable in bankruptcy.

Moving to the present case, the bankruptcy court stated that the debtors filed their current Chapter 13 case, in part, to

address the state's subsequent claim against them for non-dischargeable sales tax interest and penalties. Ruling on the debtors' objection to the state's Chapter 13 proof of claim, which now includes interest and penalties of over $8,000, the bankruptcy court decided that in reality, in the first adversary proceeding, it entered judgment against the debtors and in favor of the State of Texas for $17,304.03. Consequently, that affirmative judgment, from which the state sought no relief, was entitled to bear interest only at the federal judgment rate of 5.49%. See 28 U.S.C. § 1961. The district court affirmed the bankruptcy court's judgment, and this appeal followed.

The state first contends that in the original adversary proceeding, the bankruptcy court did not enter judgment against the debtors on the state's sales tax claim. We agree. The state never sought the relief, and the limited purposed of the adversary proceeding were to determine the amount of the state's claim against the debtor's estate and whether that claim, if unpaid in bankruptcy, was non-dischargeable. A finding of non-dischargeability is not the same as entry of judgment on the claim. No pleading of any party in the adversary proceeding suggests that the bankruptcy court was asked to or did in fact enter an enforceable judgment in favor of the state and against the debtors.[3] Since the bankruptcy court did not enter a money judgment against the Russells, it had no warrant to reduce the applicable interest rate from the governed by state law to the

---

[3]Whether the court could have done so, consistent with its core jurisdiction, raises a question we leave for another day.

lower federal judgment rate.

In finding that the debt owed to the state was non-dischargeable, however, the bankruptcy court only included the principal amount owed ($17,304.03), and not the back interest or penalties; the judgment of non-dischargeability specifically did not include those other amounts. The state may not at this late juncture interpret the bankruptcy court's judgment to include those additional pre-chapter 7 amounts. Even though the state asserts that the debtors never contested the amount of interest or penalties, we may not go behind the express terms of the judgment in what amounts to a collateral attack by the state. The state should have asked the bankruptcy court to revise its judgment to include pre-chapter 7 interest and penalties while the court still had jurisdiction over the original adversary proceeding. Thus, the state may not now assert continuing liability of the Russells for pre-chapter 7 interest and penalties.

On the other hand, the state compellingly points out that its proof of claim in the Chapter 7 case could not legally include post-chapter 7 accruals of interest, and any such claim was also not a part of the non-discharge ability proceeding. After the principal amount of the tax debt was ruled non-dischargeable, interest could accrue against the debtors from and after the date of the filing of their Chapter 7 petition. That interest continued to accrue until the debtors filed their Chapter 13 case. The bankruptcy court should have awarded this portion of the state's claim for interest in its ruling on the

state's Chapter 13 proof of claim.

To conclude with specificity, the state is entitled to collect interest at the state's default rate from the date of filing of the Russells' Chapter 7 petition until the date of filing of their Chapter 13 petition.  The applicable interest rate is therefore 10% for that period of time rather than the federal judgment rate.

The judgment is REVERSED and the case REMANDED for entry of judgment as specified.

REVERSED and REMANDED.